UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO MUNOZ ORTIZ,

          Petitioner,

v.

WILLIAM PELHAM BARR,

          Respondents.

CASE NO. C20-497-RSM-BAT

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter comes before the Court on review of the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #25. Respondents object to the R&R for only one reason: "the Report and Recommendation erred in finding that due process requires the Government to justify prolonged detention by clear and convincing evidence at an alien's bond redetermination hearing pursuant to Immigration and Naturalization Act ('INA') § 236(a), 8 U.S.C. § 1226(a)." Dkt. #26 at 1.

The Court finds no error in Judge Tsuchida's citation to *Singh v. Holder*, 638 F.3d 1196, 1203-05 (9th Cir. 2011) for the proposition that due process required the government to justify prolonged civil detention by clear and convincing evidence at Petitioner's most recent bond hearing. Respondents argue that "a constitutional requirement shifting the burden of proof to the Government for § 236(a) bond hearings does not exist," Dkt. #26 at 5, however Petitioner is correct

that this Court like many other district courts in the Ninth Circuit disagree with Respondents' narrow application of *Singh*, see Dkt. #27 at 3–4 (citing, *inter alia*, *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024 (W.D. Wash. 2019).

Accordingly, having reviewed the R&R, Respondents' Objections and Petitioner's Response to that, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation.

(2) The Government's Motion to Dismiss, Dkt. #13, is GRANTED in part and DENIED in part.

(3) Petitioner's habeas petition and complaint for injunctive relief, Dkt. #12, is GRANTED in part and DENIED in part.

(4) Petitioner's request for immediate release is DENIED.

(5) The Government shall provide Petitioner with a new bond hearing **within 30 days** of the date of this order. The bond hearing must comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). If the Government fails to provide Petitioner with a new bond hearing, the Court will grant Petitioner's habeas petition requesting release.

(6) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 6th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE