UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO MUNOZ ORTIZ,<br><br>                Petitioner,<br><br>    v.<br><br>WILLIAM PELHAM BARR, et al.,<br><br>                Respondents. | CASE NO. C20-497-RSM-BAT<br><br>ORDER GRANTING IN PART<br>MOTION FOR EAJA FEES |

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Francisco Munoz Ortiz's Motion for Attorney Fees and Costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #30. At the filing of the Motion, Mr. Ortiz requests $27,192.64 in fees and $92.46 in costs. Dkt. #30-5. The Government has filed an opposition arguing against this relief. Dkt. #33. For the reasons set forth below, the Court finds that Petitioner's Motion should be GRANTED IN PART.

## II.  BACKGROUND

Petitioner is a 46-year old native and citizen of Mexico who first entered the United States without inspection on an unknown date in 1984. In January 2018, immigration officers encountered him at the Lemon Creek Correctional Center in Juneau, Alaska, where he was serving

a 160-day custodial sentence for Assault in the Fourth Degree. On January 5, 2018, ICE took him into custody, and the U.S. Department of Homeland Security ("DHS") issued a Notice to Appear charging him with removability. At a master calendar hearing on February 14, 2018, Petitioner denied that he was removable as charged. His case then bounced between the immigration judge ("IJ") and the Board of Immigration Appeals ("BIA").

On February 13, 2018, Petitioner appeared with counsel for a bond hearing under 8 U.S.C. § 1226(a). The IJ denied bond, finding that Petitioner had not met his burden to establish that he was not a danger to the community. Petitioner did not appeal this determination. On December 24, 2019, Petitioner filed an emergency motion for a *Joseph* bond hearing with the Immigration Court. *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). Although Petitioner had never been detained under the statutory provision at issue in *Joseph*, DHS did not oppose the motion. The IJ granted Petitioner's motion and held a bond hearing on January 16, 2020, at which Petitioner was represented by counsel. The IJ denied bond, again finding that Petitioner had not met his burden of establishing that he does not present a danger to the community.

On April 1, 2020, Petitioner initiated the instant action. Dkt. #1. In his amended petition, he asserted two bases for habeas relief. *See* Dkt. #3. First, he alleged that his prolonged pre-removal order detention of over two years was constitutionally infirm and resulted in him losing his parental rights to his youngest daughter. Second, he alleged that his continued detention in light of the COVID-19 pandemic violated his Fifth Amendment due process rights. As relief, he sought release from detention and "all other relief as this Court deems just and equitable." Dkt. #12 at 22. Mr. Ortiz devoted substantial briefing to his argument that his prior bond hearings violated his due process rights because the immigration judge had improperly placed the burden of proof on him. Dkt. #20 at 20–23.

ORDER GRANTING IN PART MOTION FOR
EAJA FEES - 2

Magistrate Judge Tsuchida, in his Report and Recommendation, did not recommend immediate release but recommended that DHS be ordered to provide Mr. Ortiz with a new bond hearing within 30 days and that this bond hearing comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) (holding that the government bears the burden of justifying prolonged civil detention by clear and convincing evidence). Dkt. #25 at 9. On October 6, 2020, this Court adopted the Report and Recommendation. Dkt. #28. A new bond hearing was held on October 20, 2020. At the conclusion of the hearing, the Immigration Judge found that the government had failed to meet its burden of proofing justification for Mr. Ortiz's continued detention and set a release bond of $15,000. *See* Dkt. #30-4. Mr. Ortiz's family subsequently posted that bond and Mr. Ortiz was released after 1,022 days of civil detention on October 23, 2020.

### III.   DISCUSSION

**A.  Legal Standard**

Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).

The government has the burden of proving its positions were substantially justified, and it must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259. Only in a "decidedly unusual case" will there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotation omitted).

**B. Analysis**

The Government argues that its litigation position (the same before and during litigation) was consistent with applicable regulations and statute. Dkt. #33 at 3–4. The Government summarizes the gap between its litigation position and the ruling of the Court thusly:

> This Court relied on *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), in finding that the IJ erred at Petitioner's second bond hearing by not requiring the Government to justify his detention by clear and convincing evidence. R&R, at 9. While the Ninth Circuit recently found that *Singh* survives *Jennings*, *Singh* can reasonably be interpreted to be inapplicable to the facts here. The purpose of *Singh* was to establish the burden and standard of proof for *Casas-Castrillon* bond hearings for detainees subject to prolonged detention without any previous opportunity for a bond hearing. *See Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942, 950-52 (9th Cir. 2008). The Ninth Circuit's decision in *Singh*, is not determinative of the process due to aliens who have never been subject to mandatory detention, such as Petitioner.
>
> As the Court noted in its decision, other courts in this district have disagreed with the Respondents' interpretation.

ORDER GRANTING IN PART MOTION FOR
EAJA FEES - 4

Dkt. #33 at 5. The Government then goes on to cite a decision out of the Third Circuit supporting its position, previously cited in this case. *Id.* at 5–6 (citing *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 276-77 (3d Cir. 2018)).

On Reply, Mr. Ortiz sums it up: the Government acknowledged the possibility that the Ninth Circuit's position was contrary to its arguments, *see* Dkt. #26 at 7, only cited to an inapplicable out-of-circuit decision for its position, failed to accept that "extensive and uniform District Court case law in this (and other) circuits rejects [the Government's] position," and failed and continues to fail to advance an underlying policy rationale for their position. Dkt. #34 at 3.

The Court finds that the Government has failed to meet its burden of demonstrating that its litigation position in this case was substantially justified. The Government was aware that it was yet again fighting against an interpretation of Ninth Circuit law that had been adopted at the District Court level. The Court agrees with Petitioner that the Government's position lacks an underlying policy rationale and finds that it would not satisfy a reasonable person. Petitioner's request for EAJA fees is therefore warranted.

**C. Objections to Specific Billings**

If the Court finds that the Government's position was not substantially justified, the Court should reduce Petitioner's claim to fees to the extent they were not "reasonably expended." *Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The unadjusted statutory maximum EAJA fee hourly rate is $125. 28 U.S.C. § 2412(d)(2)(ii). That rate was set in 1996 and may be adjusted for inflation. The Ninth Circuit has set a statutory maximum rate of $206.77 under EAJA for work completed in 2020. Accordingly, the nominal $125 rate, adjusted for inflation, is $206.77.

ORDER GRANTING IN PART MOTION FOR
EAJA FEES - 5

The Government only objects to 12.2 hours billed by Mr. Ortiz's counsel for the TRO in this case, which was not successful, and 7 hours related to the filing of an overlength brief that was later withdrawn. Dkt. #33 at 6–7.

Mr. Ortiz responds by arguing that "EAJA fee awards are not determined on a motion-by-motion basis." Dkt. #34 at 4 (citing *Fagan v. Berryhill*, No. 2:16-cv-02051-MCE, 2018 WL 5264218 (E.D. Calif. Oct. 23, 2018)). Notwithstanding, he does agree to withdraw his request for the 7 hours, totaling $1,402.71. However, Mr. Ortiz requests time spent on the Reply brief, 5.8 hours at the rate of $206.77 per hour, an addition of $1,199.27. *Id*. at 5. The new total request, including costs, is $27,081.66. *Id.*

The Court has reviewed the evidence submitted by Mr. Ortiz to support the fee and costs request and finds they are reasonable. Mr. Ortiz's counsel billed at the appropriate rates of $200 an hour and $206.77 an hour. *See* Dkt. #30-5. The Court agrees with Mr. Ortiz that the time spent preparing the TRO was reasonable even though ultimately unsuccessful and will not cut those hours.

# I.   CONCLUSION

For the reasons set forth above, Petitioner's motion, Dkt. #30, is GRANTED in part. The Court awards Petitioner fees and costs in the amount of $27,081.66, to be paid by Respondents. Respondents are to coordinate with Petitioner's counsel for the best method to make this payment.

DATED this 15th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE